FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 AUG 29 AM 10: 42

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

SALLY J. PASSMORE, AND PAULA J. THYFAULT

    Plaintiffs,

v.

HON.
Case No. 3:16 CV 1094-J-34 PDB

21st CENTURY ONCOLOGY, LLC,

    Defendant.

## COMPLAINT FOR DAMAGES

NOW COMES the Plaintiffs, Sally J. Passmore and Paula J. Thyfault, ("Plaintiffs"), by and through their attorney, *Stambaugh & Associates, P.A.*, and in its Complaint for damages against 21st Century Oncology, LLC, ("Defendant"), states as follows:

### INTRODUCTION

1. This is an action for damages arising from the discriminatory termination of employment of Plaintiffs by Defendant in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the 1st and 14th Amendments of the U. S. Constitution. Plaintiffs allege that Defendant failed to accommodate the expression of their religious beliefs during non-work hours and rest periods; discriminated against them through disparate, adverse treatment owing to their religious beliefs; and retaliated against them for the protected expression of their religious beliefs.

## PARTIES

2. Plaintiffs reside in Jacksonville, Florida, and were employed by Defendant as Certified Medical Dosimetrists at 3599 University Blvd., Suite 1500, Jacksonville, FL 32216. They are Christians strongly opposed to abortion as a tenet of their deeply held religious beliefs, routinely participating in conferences, protests and street demonstrations during non-work hours.

3. Defendant is a Florida corporation with its principal office at 2270 Colonial Boulevard, Fort Myers, FL 33907. Defendant maintains 183 treatment centers in 17 states, employing over 1000 physicians and technicians.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case, and to secure reasonable attorney's fees, pursuant to 42 USC § 2000e, *et seq.*, as this action arises under the First and Fourteenth Amendments to the United States Constitution. Plaintiffs include a request for a speedy decision after exhausting administrative remedies as required under the Equal Employment Opportunity Commission, Case # 15E-2015-00074 and 15E-2015-00090, finding No Reasonable Cause on July 5, 2016.

5. The venue in this action is proper within the Middle District of Florida, Jacksonville Division, pursuant to 28 USC § 1391(b), in that (i) Defendant is situated within this judicial district, (ii) Plaintiffs reside within this judicial district, and (iii) all of the claims asserted by Plaintiff arose in this judicial district.

## FACTUAL ALLEGATIONS

*Plaintiffs Sally J. Passmore and Paula J. Thyfault*

6. Plaintiff Sally J. Passmore is 67 years of age, an experienced dosimetrist for 30 years, and employed by Defendant and its predecessor for 7 years. (Defendant acquired Oncure

2

Medical in early 2014, maintaining facilities and staff). Plaintiff Paula J. Thyfault is 62 years of age, employed as a dosimetrist for 27 years, and employed by Defendant and its predecessor for 12 years.

7. During Plaintiffs' years of employment with Defendant, the quality and productivity of their work was never questioned by management, nor was the expectation of their continued employment. Both Plaintiffs had planned to retire from Defendant's employ at age 70.

8. Both Plaintiffs have been lifelong Christians, displaying religious symbols at their desk areas at work. Both have a deeply held belief that abortion is contrary to their religious beliefs, and engaged in off-site anti-abortion rallies and protests during non-work hours with the knowledge of their supervisor, Dr. Shyam Paryani.

9. Defendant's parking lot abuts an abortion clinic operated by Dr. Patrick Kelly. Dr. Kelly became aware of Ms. Passmore's participation in anti-abortion rallies in 2010, complaining to Dr. Paryani or Kathy Burke, Human Resources, at each sighting of Ms. Passmore or when protesters appeared at his location. Ms. Passmore never participated in a protest at Dr. Kelly's location, and Ms. Thyfault never met him.

10. In September, 2014, Plaintiffs, taking a rest period along with two other employees, Ms. Jamie Schmidt and Ms. Tracy Kurz, gathered in Defendant's lobby to observe the arrival of an ambulance in the Defendant's parking lot, responding to an emergency at Dr. Kelly's abortion clinic. Plaintiff Thyfault legally captured the incident on her personal mobile phone.

11. In January, 2015, each Plaintiff was called separately to a meeting with Human Resources personnel, two locally known to Plaintiffs, Ms. Kathy Burke and Ms. Tracey Simmons, and Ms. Cooke, attending by phone. Plaintiff Thyfault acknowledged taking the video

which later appeared on an anti-abortion web-site. Responding to the question, "why did she take the video", Ms. Thyfault told Ms. Cooke of her religious beliefs, who then responded with, "not everyone has the same beliefs". Plaintiff Thyfault was immediately suspended and ordered off the property.

12. Plaintiff Passmore admitted her presence at the recording, along with two others. Ms. Passmore was immediately suspended and ordered off the property. The other two observers were not sanctioned in any way.

13. The video neither discloses the identity of the clinic's patient, nor the involvement or identity of the Defendant. Plaintiffs were phoned several days later and told their employment had been terminated, Ms. Thyfault by voicemail.

14. Plaintiffs have attempted to mitigate their loss of income, Thyfault by taking temporary employment with an out of town hospital, and Passmore by filing for early retirement. Both Plaintiffs have suffered loss of income and benefits, current and future, and other related expenses.

### *Count I*
### *Failure to Accommodate Plaintiffs' Religious Beliefs*
### *42 U.S.C. § 2000e-(j)*

15. Plaintiffs restate the allegations in paragraphs 1 through 14 as if fully rewritten herein.

16. Defendant was fully aware of Plaintiffs' closely held religious beliefs concerning abortion.

17. The taking of the video occurred during a routine and permitted rest period, caused by the arrival and commotion of an ambulance, observed by four employees.

18.     The off-site, off-hours, expression of Plaintiffs' closely held religious faith, the posting on-line of the September, 2014 video, is a protected expression of the U. S. Constitution.

19.     The taking and posting of the video, an expression of Plaintiffs' religious beliefs, caused no burden or undue hardship on Defendant. There was no conflict with any work requirement.

20.     Plaintiffs, without warning or counseling, were discharged.

### Count II

### Discrimination Owing to Plaintiffs' Religious Beliefs
### 42 U.S.C. § 2000e-2(a)(1)

21.     Plaintiffs restate the allegations in paragraphs 1 through 14 as if fully rewritten herein.

22.     Defendant was fully aware of Plaintiffs' closely held religious beliefs concerning abortion.

23.     Plaintiffs were well qualified for their positions with Defendant, having exemplary work histories.

24.     The taking of the video occurred during a routine and permitted rest period caused by the arrival and commotion of an ambulance, observed by four employees. Ms. Thyfault legally recorded her observation.

25.     Two other observers of the arrival of the ambulance were not sanctioned in any way.

26.     Plaintiffs, without warning or counseling, were discharged owing to Defendant's stated disagreement with their religious beliefs.

## Count III
### *Retaliation owing to Plaintiffs' Religious Beliefs*
### *42 U.S.C. § 2000e-3(a)*

27.     Plaintiff restates the allegations in paragraphs 1 through 14 as if fully rewritten herein.

28.     Defendant was fully aware of Plaintiffs' closely held religious beliefs concerning abortion.

29.     The off-site, off-hours, expression of Plaintiffs' closely held religious beliefs is a protected expression of the U. S. Constitution, 1st and 14th Amendments.

30.     Plaintiffs were discharged owing to Defendant's stated disagreement with their religious beliefs.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for a judgment against Defendant, and that this Honorable Court:

>    a. Pursuant to 42 U.S.C. § 2000e-(j), find that Defendant failed to accommodate Plaintiffs' right to exercise their 1st and 14th Amendments of religious expression and practice during non-work hours; that such exercise created no undue burden or hardship on Defendant's business; that Plaintiffs were illegally discharged owing to their religious beliefs; and, that Plaintiffs are entitled to damages and taxable costs.
>
>    b. Pursuant to 42 U.S.C. § 2000e-2(a)(1), find that Defendant discriminated against Plaintiffs owing to the exercise of their closely held religious beliefs, to wit, declining to sanction two other employees present during taping of the abortion emergency, while selectively discharging Plaintiffs. Defendant openly declared disagreement with Plaintiffs' beliefs. Find that Plaintiffs are entitled to damages and taxable costs.
>
>    c. Pursuant to 42 U.S.C. § 2000e-3(a), find that Defendant knowingly retaliated against Plaintiffs protected expression of their closely held religious beliefs, discharging them while openly declaring management's disagreement with those

beliefs. Find that Plaintiffs are entitled to damages and taxable costs.

d. Pursuant to 42 U.S.C. § 2000e-5(k), award Plaintiff's reasonable attorney fees and costs, and Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Stambaugh & Associates, P.A.**

*/s Charles L. Stambaugh*
By: Charles L. Stambaugh
Attorney for Plaintiff
Florida Bar No. 35032
841 Prudential Drive, 12th Floor
Jacksonville, FL 32207
(904) 371-1945

Dated: August 26, 2016