**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SALLY J. PASSMORE and
PAULA J. THYFAULT,

    Plaintiffs,

v.                                    Case No. 3:16-cv-1094-J-34PDB

21ST CENTURY ONCOLOGY, LLC,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum of Law in Support (Doc. 11; Motion), filed on November 2, 2016. Plaintiffs Sally J. Passmore and Paula J. Thyfault filed Plaintiffs' Response to Motion to Dismiss (Doc. 14; Response) on November 9, 2016. On May 26, 2017, Defendant 21st Century Oncology, LLC (21st Century) advised the Court that it filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Court). See Notice of Suggestion on Pendency of Bankruptcy for 21st Century Oncology Holdings, Inc., et. al., and Automatic Stay of Proceedings (Doc. 22; Notice). Accordingly, this case was automatically stayed and the Clerk of Court terminated the Motion. See Order (Doc. 23). Following the Bankruptcy Court's entry of an order relieving 21st Century from the automatic stay, the Clerk of Court, on October 2, 2017, reopened this case and reactivated the Motion. See Order (Doc. 27). Accordingly, this matter is ripe for review.

**I.     Background**[1]

Plaintiff Sally J. Passmore is a sixty-seven year old dosimetrist with thirty years of experience.[2]  See Amended Complaint for Damages (Doc. 7; Complaint) ¶6.  Plaintiff Paula J. Thyfault is a sixty-two year old dosimetrist with twenty-seven years of experience. Id.  21st Century employed Passmore for seven years, and Thyfault for twelve years.[3] Id.  During Plaintiffs' employment, 21st Century did not take issue with either Plaintiffs' productivity or the quality of her work.  Id. ¶7.  Plaintiffs intended to work for 21st Century until they retired at seventy years of age.  Id.

Plaintiffs "have been lifelong Christians" and display "religious symbols at their desk areas at work."  Id. ¶8.  "Both have a deeply held belief that abortion is contrary to their religious beliefs, and engaged in off-site anti-abortion rallies and protests during non-work hours with the knowledge of their supervisor, Dr. Shyam Paryani."  Id.

Dr. Patrick Kelly operates an abortion clinic adjacent to 21st Century's parking lot. Id. ¶9.  Although Thyfault has never met Dr. Kelly, in 2010, Dr. Kelly became aware of Passmore's participation in anti-abortion rallies.  Id.  Accordingly, Dr. Kelly complained "to Dr. Paryani or Kathy Burke, Human Resources, at each sighting of Ms. Passmore or when protesters appeared at his location."  Id.  Passmore has never attended an anti-abortion rally in front of Dr. Kelly's clinic.  Id.

---

[1]     In considering the Motion, the Court must accept all factual allegations in plaintiffs' complaint as true, consider the allegations in the light most favorable to Plaintiffs, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

[2]     A dosimetrist is a member of a radiation oncology team.  See What is a Medical Dosimetrist?, AM. ASS'N OF MED. DOSIMETRISTS, https://www.medicaldosimetry.org/about/medical-dosimetrist/ (last visited Feb. 5, 2018).

[3]     Plaintiffs also worked for 21st Century's predecessor, Oncure Medical.  Id. ¶6.

On an unknown date in September 2014, Plaintiffs and two other employees, Jamie Schmidt and Tracy Kurz, gathered in 21st Century's parking lot to watch an ambulance arrive at Dr. Kelly's clinic. Id. ¶10. "Plaintiff Thyfault legally captured the incident on her personal mobile phone." Id. The video of the incident (the Video) later appeared on an anti-abortion website. Id. ¶11. "The [V]ideo neither discloses the identity of the clinic's patient, nor the involvement or identity of the Defendant." Id. ¶13.

Approximately four months later, on unknown dates in January 2015, Plaintiffs attended separate meetings with 21st Century Human Resources personnel, including Burke, Tracey Simmons, and Diane Cooke (via telephone). Id. ¶11. During Thyfault's meeting, she acknowledged that she recorded the Video as an affirmation of her religious beliefs. Id. Burke told Thyfault that "not everyone has the same beliefs," suspended Thyfault, and ordered her to leave the premises. Id. During Passmore's meeting, Passmore admitted that she had been present when Thyfault recorded the Video. Id. ¶12. Accordingly, 21st Century suspended Passmore and ordered her to leave the premises. Id. Several days later, 21st Century informed Plaintiffs that their employment had been terminated. Id. ¶13. 21st Century did not discipline either Schmidt or Kurz. Id.

As a result of their termination, Plaintiffs have incurred damages, including lost income and benefits, current and future, and "other related expenses." Id. ¶14. In order to mitigate their damages, Thyfault obtained temporary employment with an out of town hospital, and Passmore filed for early retirement. Id.

On August 29, 2016, Plaintiffs filed a three-count Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e, et seq (Title VII). See generally Complaint.

Plaintiffs assert claims of failure to accommodate their religious beliefs (Count I), willful discrimination based on religion (Count II), and retaliation (Count III). Id. 21st Century now moves to dismiss the Complaint, arguing that Plaintiffs fail to state any claim upon which relief can be granted. See generally Motion. Plaintiffs oppose the Motion and contend that the Complaint states causes of action for all three of their claims. See generally Response.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Discussion

#### A. Religious Discrimination

Title VII provides that an employer may not "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." See 42 U.S.C. §2000e-2(a)(1). Religion is defined to include:

> [a]ll aspects of religious observance and practice as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

See 42 U.S.C. §2000e(j). Accordingly, Title VII affirmatively requires an employer to "make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." Lake v. B.F. Goodrich Co., 837 F.2d 449, 450 (11th Cir. 1988). "[A] plaintiff in a Title VII religious discrimination action has two legal theories

available for the prosecution of [her] claims: 'disparate treatment' and 'failure to accommodate.'" Johnson v. AutoZone, Inc., 768 F. Supp. 2d 1124, 1136 (N.D. Ala. 2011); Gunning v. Runyon, 3 F. Supp. 2d 1423, 1427 (S.D. Fla. 1998). Here, Plaintiffs proceed under both theories.

### i. Failure to Accommodate

In Count I, Plaintiffs assert that 21st Century terminated their employment based on their religious beliefs in violation of 21st Century's duty to provide reasonable accommodation under Title VII. See Complaint ¶¶15-20. To establish a prima facie case of religious discrimination based on the failure to accommodate theory, a plaintiff must show: "'(1) [she] had a bona fide religious belief that conflicted with an employment requirement; (2) [she] informed [her] employer of [her] belief;[4] and (3) [she] was discharged for failing to comply with the conflicting employment requirement.'" Morrissette-Brown v. Mobile Infirmary Med. Cent., 506 F.3d 1317, 1321 (11th Cir. 2007) (quoting Beadle v. Hillsborough Cnty. Sheriff's Dep't, 29 F.3d 589, 592 n.5 (11th Cir. 1994)). Ultimately, the employee must show that her "need for an accommodation was a motivating factor in the employer's decision." E.E.O.C. v. Abercrombie & Fitch Stores, Inc., ——U.S.——, 135 S. Ct. 2028, 2032 (2015).

In the Complaint, Plaintiffs allege that they "have a deeply held belief that abortion is contrary to their religious beliefs," and that the taking and posting of the Video was a "protected expression" of those beliefs. See Complaint ¶¶8, 18-19. Accordingly,

---

[4] Notably, in E.E.O.C. v. Abercrombie & Fitch Stores, Inc., ——U.S. ——, 135 S. Ct. 2028 (2015), the Supreme Court clarified that Title VII prohibits an employer from making employment decisions with the motive of avoiding accommodation, "regardless of the state of the actor's knowledge." Id. at 2033. "[A]n employer who acts with the motive of avoiding accommodation may violate Title VII even if he has no more than an unsubstantiated suspicion that accommodation would be needed." Id.

Plaintiffs assert that by terminating their employment, 21st Century violated its duty to accommodate their religious beliefs. Id. ¶¶15-20. 21st Century contends that Plaintiffs' failure to accommodate claim fails. See Motion at 4-5. Specifically, 21st Century contends that Plaintiffs have not plead that their bona fide religious beliefs conflict with a work requirement. Id. In response, Plaintiffs summarily assert that they sufficiently allege that 21st Century's requirements conflict with their religious beliefs. See Response at 2-3.

Upon review, the Court finds Plaintiffs' assertion unconvincing. In the Complaint, Plaintiffs unequivocally allege that taking and posting the Video presented "<u>no conflict with any work requirement</u>." See Complaint ¶19 (emphasis added). The Court must evaluate the plausibility of Plaintiffs' claims accepting as true their unambiguous allegation that their religious beliefs did not conflict with any of 21st Century's rules. See Iqbal, 556 U.S. at 678. Notably, a reasonable accommodation is defined as "one that eliminates the conflict between employment requirements and religious practices." Telfair v Fed. Express Corp., 567 F. App'x 681, 683 (11th Cir. 2014). Thus, an employer cannot provide a reasonable accommodation if there is no conflict to eliminate. Accordingly, Plaintiffs fail to provide factual allegations sufficient to raise an inference that 21st Century discharged Plaintiffs "with the motive of avoiding the need for accommodating a religious practice." Abercrombie, 135 S. Ct. at 2032. This deficiency is fatal to Plaintiffs' failure to accommodate claim. See Marshall v. Aryan Unlimited Staffing Solution, No. 12-81404, 2013 WL 836990, at *4 (S.D. Fla. Mar. 6, 2013) (dismissing a failure to accommodate claim where "there [wa]s no allegation that [the plaintiff] was disciplined because of a

conflict between her religious beliefs and employment requirements.").[5]   Plaintiffs' citation to Dixon v. The Hallmark Cos., 627 F.3d 849 (11th Cir. 2010) does not salvage their claim. See Response at 3.  In Dixon, the plaintiffs alleged and presented evidence that their religious beliefs conflicted with a workplace requirement prohibiting the public display of religious items.  Dixon, 627 F.3d at 856.  Here, Plaintiffs identify no workplace requirement that plausibly conflicted with their religious beliefs.   Indeed they affirmatively contend that no such conflict existed.  See Complaint ¶19.  Accordingly, Count I of the Complaint is due to be dismissed.

### ii. Disparate Treatment

In Count II, Plaintiffs assert that 21st Century willfully discriminated against them based on their religion.  See Complaint ¶¶21-26.  To establish a prima facie case of discrimination by disparate treatment, a plaintiff must show: "(1) [she] is a member of a protected class; (2) [she] was subject to an adverse employment action; (3) [her] employer treated similarly situated employees who were not members of [her] protected class more favorably; and (4) [she] was qualified for the job or benefit at issue."  Dixon v. Palm Beach Cnty. Parks & Recreation Dep't, 343 F. App'x 500, 501 (11th Cir. 2009) (emphasis added). Notably, at this stage of the proceedings, Plaintiffs need not plead each element of the McDonnell Douglas[6] prima facie case.  See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (citing Swierkiewicz, 534 U.S. at 511); see also Surtain v.

---

[5]     In the Response counsel for Plaintiffs argues that "Ms. Passmore was routinely admonished, and both Plaintiffs discharged . . ."  See Response at 3.  Whatever the point of this reference to routine admonishment may have been, it finds no support in the allegations of the Complaint.  "[I]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." Orta v. City of Orlando, No. 6:14-cv-1835-Orl-41GJL, 2015 WL 2365834, at *5 n.3 (M.D. Fla. May 18, 2015).

[6]     McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015); Uppal v. Hosp. Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2012) ("[A] plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment . . . ."). Nonetheless, "complaints alleging discrimination still must meet the 'plausibility standard' of Twombly and Iqbal." See Henderson v. JP Morgan Chase Bank, 436 F. App'x 935, 937 (11th Cir. 2011). This standard requires well-plead factual allegations that are more than "'merely consistent with a defendant's liability,'" and raise "'more than a sheer possibility that a defendant has acted unlawfully.'" See Bowers v. Bd. of Regents of Univ. Sys. Of Ga., 509 F. App'x 906, 910 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). To survive a motion to dismiss, the plaintiffs must allege facts sufficient to support a reasonable inference that the defendant engaged in religious discrimination against the plaintiff. See Henderson, 436 F. App'x at 937. One way to meet this standard is by "alleging facts showing that similarly-situated [individuals] outside [the plaintiff's religious] class were" treated more favorably. Id.

21st Century contends that Plaintiffs' willful discrimination claim is due to be dismissed because Plaintiffs fail to allege the existence of any valid comparators. See Motion at 5-7. In response, Plaintiffs assert that the Complaint "clearly states . . . that [Plaintiffs] received disparate-impact from other involved employees of unknown faiths." See Response at 3.

Viewing the allegations of the Complaint in the light most favorable to Plaintiffs as the Court must, the Court is of the view that Plaintiffs have stated a plausible claim for religious discrimination based on disparate treatment. In the Complaint, Plaintiffs allege that Schmidt and Kurz also gathered in 21st Century's parking lot to watch the events

unfold at Dr. Kelly's clinic. See Complaint ¶¶10. However, 21st Century terminated Plaintiffs' employment, but did not discipline either Schmidt or Kurz. Id. ¶¶112-13. While Plaintiffs stated that they were "strongly opposed to abortion as a tenet of their deeply held religious beliefs," id. ¶2, the Complaint contains no indication of whether Schmidt and Kurz did or did not share those religious beliefs, see generally id. Notably, Plaintiffs allege that prior to suspending Thyfault, Burke acknowledged that "not everyone has the same beliefs." Id. ¶11. While Thyfault's recording and posting of the Video may make her behavior distinct from that of the others, Passmore's conduct, based on the allegations of the Complaint, seems to be indistinguishable from that of Schmidt and Kurz. 21st Century requests that the Court watch the Video which it contends shows that unlike Thyfault and Passmore, Schmidt and Kurz remained silent during the incident. See Motion at 6-7 & n.2. While a court is ordinarily limited to the allegations of a plaintiff's complaint, a court may consider an extrinsic document in ruling on a motion to dismiss if the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010)(quoting SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)). Here, although the taking and posting of the Video lead to Plaintiffs' termination, the content of the Video is not integral to Plaintiffs' claims. Therefore, the Court will limit its review to the well-plead factual allegations contained in the Complaint. Viewing these factual allegations in the light most favorable to Plaintiffs and drawing inferences in their favor, as the Court must at the motion to dismiss stage, see Hill, 321 F.3d at 1335; Jackson, 21 F.3d at 1534, the Court finds that Plaintiffs have sufficiently stated a plausible claim for religious discrimination based on disparate treatment.

### B. Retaliation

In Count III, Plaintiffs allege that 21st Century retaliated against them because of their opposition to abortion in violation of Title VII. See Complaint ¶¶27-30. Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The Eleventh Circuit describes the first portion of this rule as the "opposition clause," and the second portion as the "participation clause." See E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000). To establish a prima facie case of retaliation under Title VII, a plaintiff must show: "(1) the plaintiff engaged in a statutorily protected activity; (2) the employer took an adverse employment action against [her]; and (3) there is a causal connection between the protected activity and adverse action." Berman v. Orkin Exterminating Co., 160 F.3d 697, 701 (11th Cir. 1998). "[I]n the context of a Title VII retaliation claim, a materially adverse action 'means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Crawford v. Carroll, 529 F.3d 961, 974 (11th Cir. 2008) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotations omitted)). "[P]etty slights, minor annoyances, and simple lack of good manners" in the workplace are normally not actionable under Title VII. Burlington, 548 U.S. at 68. Additionally, the Supreme Court has clarified that a Title VII plaintiff must demonstrate "but-for" causation to sustain a retaliation claim. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013). "This requires proof that the unlawful retaliation

would not have occurred in the absence of the alleged wrongful action or actions of the employer." Id.

In the Complaint, Plaintiffs allege that "they were discharged in retaliation for their protected expression of opposition to Dr. Kelly's abortion practice." See Complaint ¶30. 21st Century contends that Plaintiffs' claim fails because the Complaint "is devoid of any allegation that [Plaintiffs] opposed any practice of 21st Century that they believed was unlawful under Title VII or that they engaged in conduct covered under the participation clause." See Motion at 8. Plaintiffs do not directly address 21st Century's contention in the Response. See generally Response.

Here, the Court finds that Plaintiffs fail to allege that they engaged in statutorily protected activity. To the extent Plaintiffs intend to proceed under the "participation" clause, they fail to allege any facts suggesting that they participated in an investigation, proceeding, or hearing brought pursuant to Title VII. See generally Complaint. Further, to the extent Plaintiffs intend to proceed under the "opposition" clause, their allegations are equally deficient. In order to establish that a plaintiff has opposed an unlawful employment practice, an employee must show that she "subjectively (that is, in good faith) believed that [her] employer was engaged in unlawful employment practices," and that [her] "belief was objectively reasonable in light of the facts and record presented." Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997) (emphasis in original).

Plaintiffs allege that they opposed "Dr. Kelly's abortion practice." See Complaint ¶30. Although Plaintiffs allege that "abortion is contrary to their religious beliefs," they do not allege that they believed that they opposed any action of their employer or that Dr.

Kelly's operation of his abortion practice was unlawful. Id. ¶8. Plaintiffs' failure to allege that they opposed any activity of their employer, much less one which they believed was unlawful under Title VII, is fatal to their retaliation claim. See Smith v. Bottling Grp., LLC, No. 8:16-cv-771-T-24 MAP, 2016 WL 2944070, at *3 (M.D. Fla. May 20, 2016) (dismissing a retaliation claim where the plaintiff's belief that he opposed unlawful activity was not reasonable); Williams v. Ga. Dep't of Corr., No. 1:13-cv-30840WSD, 2014 WL 3956039, at *4 (N.D. Ga. Aug. 13, 2014) (same); Pittman v. D.T. Marshall, No. 2:06-cv-507-WKW, 2007 WL 3049563, at *7 (M.D. Ala. Oct. 18, 2007) (same). As such, Count III of the Complaint is due to be dismissed.[7]

Accordingly, it is

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum of Law in Support (Doc. 11) is **GRANTED, in part, and DENIED, in part.**

    a. The Motion is granted to the extent that Counts I and III of the Complaint are **DISMISSED**.

    b. The Motion is denied in all other respects.

2. Defendant shall file an answer to Count II of the Complaint on or before **April 23, 2018**.

3. Plaintiffs' Second Motion for Hearing on Defendant's Motion to Dismiss (Doc. 28) is **DENIED as MOOT**.

---

[7] In the Motion, 21st Century contends that to the extent Plaintiffs assert a claim against it for violations of Plaintiffs' First and Fourteenth Amendment rights, such a claim is due to be dismissed because 21st Century is a private actor. See Motion at 3-4. In the Response, Plaintiffs clarify that they do not seek relief based on 21st Century's infringement of their First and Fourteenth Amendment rights. See Response at 2. Accordingly, the Court need not address the merits of this issue.

4. The parties are directed to conduct a case management conference and file a case management report by **April 27, 2018**.

**DONE AND ORDERED** in Jacksonville, Florida this 10th day of April, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc25
Copies to:
Counsel of Record