# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SALLY J. PASSMORE and
PAULA J. THYFAULT,

    Plaintiffs,

v.                                                    Case No. 3:16-cv-1094-J-34PDB

21ST CENTURY ONCOLOGY, LLC,

    Defendant.
_____

## O R D E R

**THIS CAUSE** is before the Court on the Proposed Bill of Costs (Doc. 68; Bill of Costs) filed by Defendant 21st Century Oncology, LLC on June 12, 2019. Although Plaintiffs have not objected to the Bill of Costs, the Court is of the view that Defendant seeks to tax costs beyond those permitted under the applicable statute as well as costs for which it has failed to establish its entitlement.

    Rule 54(d)(1), Federal Rules of Civil Procedure (Rule(s)) provides in pertinent part that costs other than attorney's fees "should be allowed to the prevailing party." See Rule 54(d)(1). This provision "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc) (citations omitted). However, Rule 54 does not allow a court "to reimburse a winning litigant for every expense" incurred in the case. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 234 (1964). Rather, "a court may only tax costs as authorized by statute." EEOC v. W & O, Inc., 213 F.3d

600, 620 (11th Cir. 2000). As such, absent explicit statutory authorization, a court's authority to tax costs is limited to those costs "enumerated in 28 U.S.C. § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

Pursuant to § 1920, only the following costs may be taxed:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. § 1923; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

28 U.S.C. § 1920. Notably, the party seeking to tax costs bears the burden of establishing its entitlement to the award of those costs. See Lee v. American Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000). This includes providing sufficient information for the court to determine whether a particular cost was "necessarily obtained for use in the case." Travelers Indemnity Company of Connecticut v. Attorney's Title Ins. Fund, Case No. 2:13-cv-670-FtM-38CM, 2019 WL 359862, at *3 (M.D. Fla. Jan. 14, 2019) (Report & Recommendation adopted by 2019 WL 354881) (M.D. Fla. Jan. 29, 2019).

Here, upon review of the Bill of Costs, the Court determines that Defendant has failed to establish its entitlement to an award of certain costs as discussed below:

1. Expert witness fees in excess of the $40.00 statutory witness fee set forth in 28 U.S.C. § 1821 are not taxable. See Kivi v. Nationwide Mutual Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983) ("[I]t is well settled that expert witness fees cannot be assessed in excess of witness fees provided in § 1821.") (quoting Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996)).

Thus, the Court will reduce the witness fees sought by Defendant by $1,973.75. See Bill of Costs at 22.

2. The cost of renting a conference room for a deposition is not taxable. See Computer Program and Systems, Inc. v. Wazu Holdings, Ltd., Civil Action 15-00405-KD-N, 2019 WL 1119352, at *10 (S.D. Ala. March 11, 2019) (collecting cases); Groves v. Royal Caribbean Cruises, Ltd., No. 09-20800-CIV, 2011 WL 817930, at *2 (S.D. Fla. March 2, 2011). Thus, the Court will reduce the amount sought for "printed or electronically recorded transcripts" by the $2,000.00 cost attributed to conference room rental. See Bill of Costs at 16.

3. Other costs associated with depositions, such as charges for litigation packages, rough drafts and shipping and handling fees are typically incurred for the convenience of counsel and not taxable. See Computer Program and Systems, Inc., 2019 WL 119352, at *10-12 (collecting cases addressing non-recoverable deposition costs including litigation packages, rough drafts, shipping and handling fees); Watson v. Lake County, 492 Fed. Appx. 991, 997 (11th Cir. 2012) (finding that the district court abused its discretion in awarding costs for the "shipment of the depositions"). Thus, the amount sought for "printed or electronically recorded transcripts" will be reduced further by $626.75. See Bill of Costs at 15, 17, 20, 21.

4. Costs associated with the deposition of an unidentified witness or a deposition which was not transcribed will not be taxed. Absent any identification of the witness, the Court is unable to determine whether the deposition was "necessarily obtained for use in the case" as required by § 1920. See W & O,

<u>Inc.</u>, 213 F.3d at 620-21. Moreover, it appears that the deposition, if taken, was never actually transcribed. Thus, the amount sought for "printed or electronically recorded transcripts" also will be reduced by $240. <u>See</u> Bill of Costs at 11, 18.

In consideration of the foregoing, the Court will direct the Clerk of the Court to reduce the Bill of Costs by $4,840.50, and with that correction enter the Bill of Costs taxing the total amount of $3,697.30 against Plaintiffs Sally J. Passmore and Paula J. Thyfault, for which they shall be jointly and severally liable. Accordingly, it is

**ORDERED:**

The Clerk of the Court is directed to reduce the Bill of Costs (Doc. 68) to $3,697.30, and to tax costs in the amount of $3,697.30 against Plaintiffs Sally J. Passmore and Paula J. Thyfault, for which they shall be jointly and severally liable.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of August, 2019.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record